Mr. Nathanson, we'll hear from you. Thank you, your honor. May it please the court. Two days before trial in this case, the defendant moved to exclude evidence of health care fraud that was not specifically tied to one of the 53 executions of the fraud scheme set forth in the defendant argued that the government had actually charged 53 discreet and narrow fraud schemes, essentially limited to the executions themselves. The defendant argued that any evidence beyond those executions was actually governed by Rule 404B. On the eve of trial, the district court granted that motion and limited the government's evidence to the charged executions. That order was contrary to law, it was an abuse of discretion, and it must be reversed. Well, then I take it your argument is that that evidence is intrinsic as opposed to extrinsic. It is, your honor. And even farther than that, your honor, to the extent there's a difference between intrinsic and part of the charged fraud scheme, we would submit that it's actually part of the charged fraud because it's explicitly alleged in the indictment itself. But if we were to find that it was extrinsic, then 404B would apply, wouldn't it? It would, your honor. But certainly, and I want to make three points on this issue, your honor, before I move on to the other categories of evidence that you're challenging here. And the first one is certainly that in the context of health care fraud, the scheme to defraud is a separate element from the executions themselves, and the government is required to prove up a charge. And my second point, your honor, I think gets directly to your question, Judge Floyd. The bounds of that charge scheme are based on the structure and language of the indictment as returned by the grand jury. And when you look at the indictment in this case, it charges a continuing, wide-ranging, broad scheme to defraud. And I would submit, your honors, that the defendant's arguments on this issue are completely at odds with the plain language of the indictment itself, which is a speaking indictment and sets out in 51 paragraphs a broad, wide-ranging health care fraud scheme. The indictment alleges that the defendant routinely diagnosed patients with skin cancer who did not have skin cancer, operated on them unnecessarily, and charged the health care benefit programs as if they, in fact, had cancer. The indictment alleges that the defendant did this often without even conducting a biopsy to determine whether there was cancer or reading a biopsy to determine whether it was cancer. The indictment further alleges that the defendant routinely directed his unlicensed and unqualified medical assistance to perform wound closures. And the indictment alleges that the defendant fraudulently billed under his provider number for services performed by others. All the way at paragraph 52 of the indictment, the indictment sets forth 53 executions. These are examples of the fraudulent claims that were submitted to health care benefit programs. Is this analogous to alleging a conspiracy in which you set out the scope of the conspiracy and the conduct of the conspiracy and then charge only one overt act? It is, Your Honor. And we've relied on Gennady heavily in our brief. And we think Gennady is on all fours with this case. That's obviously a conspiracy case. But The distinction between a conspiracy and a scheme is that a scheme involves one person and a conspiracy involves two or more? Well, there are a number of distinctions, Your Honor. Certainly, a fraud scheme can involve more than one individual. I think the reason they're analogous, and I think the reason Gennady applies directly in this case, is that in a fraud scheme case where you've got ongoing, continuing, repetitive conduct, just like in a conspiracy case, it's going to be impossible to allege in an indictment every specific overt act if it's a conspiracy, or every act in the ordinance or every execution if it's a fraud scheme. And certainly, the government's limited in what it can actually put within the four corners of an indictment. And the issue in Gennady is whether the allegations were broad enough to encompass this other conduct. And certainly, our indictment in this case is similarly broad, similarly broad to encompass additional executions that aren't specifically set out in the indictment. Just as in Gennady, the court ruled that the government could introduce evidence about other executions and other overt acts that weren't specified in the indictment. And certainly, broad enough for the government to introduce, as intrinsic evidence of the fraud scheme, the pattern and practice evidence with respect to the defendant's conduct, which may or may not be specifically tied to an execution of the fraud scheme itself. As the court said in Gennady, intent is a difficult element to satisfy. And I would submit it's not a coincidence that Gennady, in this case, are both healthcare fraud cases involving a doctor. These are some of the most difficult cases for the government to prosecute, and they're the cases where I would submit intent is most hotly contested. There are defenses available, like medical necessity and the complexities of healthcare billing. And there are cases that require the government to introduce a lot of evidence, evidence that takes certainly a good deal of time to present to a jury. And I think the judges in our district are, in some cases, eager to cut down the evidence to try to streamline things. And certainly, what the court said in Gennady is the government has to have its opportunity to introduce evidence broader than what's specifically alleged in the indictment in order to satisfy this difficult intent element. Well, the evidence that he excluded was very, very broad. But would you agree, if it goes back to trial, that the trial judge's hands should not be tied as to an objection based on cumulative evidence? Certainly, Your Honor. I think the court left that issue open in Gennady, and that's not an issue that needs to be resolved at this point. I think what we're looking for the what the government asked for in Gennady, which is to get a ruling that the pattern and practice evidence the government seeks to admit, the evidence of additional executions that are not specifically set forth in the indictment, are part and parcel of the fraud scheme and admissible to prove off the allegations of the indictment. What we're seeking to do in this case is much more limited than what the court or what the government sought to do in Gennady. For instance, on the aspect of the fraud, this issue of fraudulent surgeries or fraudulently billed surgeries, I should say, we sought to introduce evidence of 90 procedures. When you compare this to what happened in Gennady, where there were 60 overt acts set forth in the indictment and the government sought to introduce 1,300 claims procedures, we're certainly being much more limited. We're trying to be careful and cognizant of the court's concerns about the amount of days it would take us to prove this up. You wouldn't purport to introduce evidence that occurred before January 09 or after August 12, 2012, would you? The scheme defined in the indictment said from January 09 to August 2012. Yes, Your Honor. So your evidence would be limited to that period and to the types of practices alleged in the indictment? That's correct, Your Honor, with the one exception to that is this issue of the post-search warrant conduct, which is an issue I'll get to in a moment. But certainly as to the pattern and practice evidence in terms of what the defendant was doing in his medical practice in terms of dealing with patients and dealing with medical billing, in terms of the additional executions, absolutely, Your Honor. We're cabined by that time frame. It's a three and a half year fraud scheme. It's ongoing. It was executed multiple times and certainly be impossible for us to to allege every single execution in the indictment. We think, Your Honor, Gennady is on all fours with this case. Certainly there are other cases from other circuits that speak directly to this issue. We cited the Pless case from the D.C. Circuit where that court said it's not necessary for the government to charge every single act of execution in order to prove up the whole scheme. We've relied on the Kirkham case, which I think is on all fours as well. That was a health care fraud case from the Fifth Circuit, which dealt with this issue of quote, unquote, uncharged executions. And the Fifth Circuit held that if the existence of a scheme to defraud is an element of the offense, acts and transactions constituting a part of that continuing offense are admissible as proof of the criminal enterprise. And the last thing I'll say on that point, Your Honors, we rely on McLean case from this court, which was a sufficiency of the evidence case. But I think it's important because it involved characterization of scheme evidence in a very similar case to this one. It was a case where a doctor was charged with fraud with respect to medically unnecessary procedures. And that was a case where you had an indictment of a single health care fraud count. And the government proved up that count through over 200 procedures. And this court described all that evidence as, quote, direct evidence of the fraudulent scheme. Let me ask you this question. Yes, Judge. What's your response to the two issues, two factual issues that the district court excluded because you hadn't given the plaintiff the rule 404B notice? Certainly, Your Honor. I'm happy to turn to that issue now. That's what we've identified as the fraudulent briefs. This is the question of the admissibility of what we call post-search warrant conduct. And our argument, simply, Your Honor, is that this was intrinsic evidence to the fraud scheme. Two of the three types of evidence that we're seeking to have this court rule admissible changed procedures. The defendant never even argued that that was covered by 404B at all. And certainly we weren't required to provide notice. Well, I guess it was intrinsic evidence, but it's that same evidence had been admitted prior to the district court excluding what happened after that. Isn't that correct? The defendant moved, perhaps I misunderstand your question, Your Honor. In other words, after he learned he was under criminal investigation. Yes, Your Honor. Those are the two factual issues I'm talking about. The district court excluded those because he found that the government had not given 404B a notice prior to trial. Yes, Your Honor. And I think that was an abuse of discretion for multiple reasons. And we have a number of reasons why we think that evidence should be admissible. The first is that it's intrinsic, that it's not other act evidence. We're talking about procedures that are directly at issue with respect to the charge fraud. And we want to introduce evidence about how those procedures changed after the defendant became aware. Well, hadn't the same evidence come in prior to the defendant learning that he was under criminal investigation? Yes, Your Honor. This relates to specific practices that we intend to introduce evidence about prior to him becoming aware that he was under scrutiny by law enforcement. Well, I understand that. And the additional answer to your question, Your Honor, is that... Did that evidence include changing records? That's a slightly different issue, Your Honor. And if I can, I'll get to that in one second. No, I'm just trying to follow up on Judge Hamilton's point. Your argument, I guess, is that even though it is post-warrant, that it tends to prove the guilt or intent of the defendant? Absolutely, Your Honor. But there's actually two categories of evidence in that sort of area of post-search warrant conduct. One is changed procedures. And that's something that we think is intrinsic. But in any event, the defendant was on notice of our intent to introduce evidence because they filed a motion nine days before trial specifically to exclude it. And they start their motion by saying, we understand the government tends to introduce evidence about the defendant's changed procedures. It's a slightly separate issue with respect to this destruction of evidence. We're also raising an issue on appeal with respect to evidence of changed records that the district court excluded that happened post-search warrant. And we also believe that evidence is intrinsic to the charge fraud because it relates to potential concealment of evidence of the charged crime. And certainly, even if this evidence is not intrinsic, we were litigating. I mean, the whole point of 404B is to tee these issues up so we can resolve them before trial. There was two rounds of briefing on these issues under a very compressed time frame. And as we noted in our brief, and as I think I mentioned a few minutes ago, the 404B issue was only ever even raised in a reply brief. And I would point your honors to joint appendix 261. The defense never even argued 404B as to the changed procedures. They only ever argued it to the destruction of evidence and submission of additional fraudulent claims. Now, if I may, I just want to touch briefly on our second issue that we're arguing on appeal. And this is the exclusion by the district court of fraud proceeds evidence related to one component of the fraud scheme. We submit your honors that this was an absolute abuse of financial gain is really the best circumstantial way to establish an intent to defraud. This is something that the court sua sponte excluded. The defense never asked for it. This was a ruling that came earlier, pre-trial, and we had an opportunity to file a motion for reconsideration. And the district court essentially denied our motion for reconsideration before the defense even filed a response. Well, I guess the question is, on what grounds do you believe the court was excluding this evidence? I'm not sure I really understand, your honor. The only thing in the record to suggest the basis is the district judge's statement at the motions hearing that he didn't think it was material. So presumably, it was a relevance holding. But that's not something that the defense argued for. And certainly, we think that's a legal error and abuse of discretion. How are we supposed to prove up a financially motivated fraud case without showing evidence of fraud proceeds? And you know, the fact that the district court did it sua sponte and without even a response from the defense, I think is evidence of his arbitrary conduct. And we certainly ask for that to be reversed. We think that the pattern of rulings in this case, your honors, show a somewhat of an inability to grapple with these issues in any kind of discrete way. You know, certainly the post-search warrant conduct was dealt with broad brush. We have the sua sponte ruling on the fraud proceeds. And we have the ruling on the eve of trial on a motion that was only filed two days earlier that really cut us off at the knees in terms of proving up our fraud scheme. You know, and I see my time's up. I'll go ahead and sit down. All right. Thank you, Mr. Nathan. Mr. White. Thank you, your honors. Good morning. Peter White for Dr. Amir Berzolli. What's at issue in this case, your honors, is frankly a fairly unexceptional ruling on the eve of trial by Judge Lee. Issues had been posed to him regarding the evidence that was going to be introduced at trial. He took a look at the indictment. And all of these issues, by the way, focus on counts one through 53 of the indictment. He took a look at the indictment and those, each of those counts, there was going to be a simple question that the jury had to answer. That question is, did Dr. Berzolli commit fraud in submitting a claim for a particular medical procedure? Did he commit fraud in count one for? Well, let me ask you, the complaint alleges as it had to, I suppose, that those 53 counts were executions of the scheme. It could have alleged only one execution or two. It chose 53 or the government could have done 700. That's a discretion, a prosecutorial discretion. But the scheme is set forth earlier in the indictment to last from January 09 to August 12, involving a list of practices that are set forth, not in specific dates, but throughout the scheme. Billing for services not rendered, billing by the wrong persons, overbilling, this type of thing. And they're documented to occur during that period. It seems to me if the government's going to prove a scheme, it could prove literally everything that happened during that period of time subject to duplicativeness or repetitiveness. The court says, all right, you've had enough. Let's move on. Judge Floyd raised that point and that's always been an exception to this. But it seems to me this is pretty standard, pretty standard process for proving a scheme or a conspiracy, both of which are an overarching range of conduct. And then the government picks some of those transactions to be the subject of specific charges. Here, one through 53. But in other cases, sometimes fewer and sometimes more. The problem in this case, Your Honor, is the situation that you have described works in a situation where you've got a conspiracy count as ingenuity, which I was... This is a scheme. This is a scheme. This is a scheme. Right. And a health care fraud scheme, health care fraud is modeled after the bank fraud statute. The crime is the execution. It's not modeled after mail fraud and wire fraud statute. It's very different. There, even creating the scheme is the crime itself. So mail fraud and wire fraud and conspiracy... The point is those are both inchoate crimes. The government has a choice in health care fraud cases and in bank fraud cases. They can charge them one of two ways. They can take advantage of the fact that each execution can be a separate offense, pile up the offenses, pile up the potential penalty, pile up the press release, pile up the chance, as this court has recognized, that a jury will convict on some count just by association. Or they can charge as they did in McLean. A single health care fraud count that has a scheme where the executions, where there's one count, and the executions are part of that one count. So if the government chose to charge only one execution, so that'd be enough, but alleged a scheme over three and a half years involving these practices, your argument is they could only prove the one transaction, the one billing, and put that on as they did in McLean, as this court authorized in McLean. If they charge one count of a scheme that goes over this time period, one count of health care fraud instead of 53 or 69 or 80 or 500, if they charge one as they did in McLean, McLean says that evidence can come in, all the evidence of the executions that are charged. The problem is just putting that language in the prefatory... It's not putting the language, it's satisfying the statute. Well, the statute is satisfied, your honor. The difference between fraud and theft... The question you're really not getting at is that they're not proving just a false billing. They're proving, they're alleging a scheme to defraud lasting over a period of three and a half years. And it seems to me the court should allow the government to prove the scheme to defraud over three and a half years if that's alleged and required by the statute. And I must say to narrow the evidence to just the 53 transactions without even getting into the scheme and the practice of it really unduly ties the government's hands in trying to prove a scheme. Because if the government chose maybe for benign reasons or whatever reasons to charge three schemes, I mean three executions that were pretty serious, that they said that's enough to get our sentencing that we want. They still got the burden is pretty heavy on these billing cases because the doctors can easily say, well that was necessary, I had to do this, we had this. It was confusion in the billing schedules. All these billing schemes, they fit into patterns. And if a doctor says that was just an accident in oversight, can't the government as part of Not for a fourth part of the scheme that's alleged. It's not a separate crime. My question to that has always been, which count? On which count is the jury going to have to find a pattern that Dr. Boggioli engaged in, for example, a practice of doing most surgery before biopsies? The answer is none. The answer is absolutely none. There is no count on which they're going to say that they're required to prove that pattern. The jury instruction for each every one. Because it's a scheme to defraud by an execution. So the scheme is going to be an element that has to be proved on every one of those. Absolutely, your honor. They certainly have to prove that each one of these executions were a scheme to defraud. The scheme itself can be limited. We're part of a scheme. In other words, that isn't just the scheme. The scheme is defined more broadly. The scheme is a practice three and a half years and the execution is the final step of that scheme. But they're going to have to prove the scheme. They can't just prove the single transaction. They actually can just prove the single transaction. That's your argument. But I must say that I don't think that's consistent with the statute or with the case law. Well, the statute certainly would allow, your honor, a single execution where the scheme is as simple as I'm going to submit this false claim to the government. That's a scheme. It's not a theft. That's a fraud. It may or may not be. Government has a pretty heavy burden. If they alleged a single transaction on a single date and said this was a fraud committed pursuant to a scheme to defraud, it'd be pretty nigh impossible for the government to carry its burden to show that was a scheme. The doctor says it's a single event. And am I correct that you're saying that the government is limited to charging only one execution for each alleged scheme or health care fraud? Is that what your argument is? No, sir, your honor. I apologize. I've been unclear. My argument is that the government has a choice and the health care fraud cases and the bank fraud cases make this clear. They can charge. The courts have held it is not multiplicitous to charge multiple executions as separate offenses. The courts have also held that it's not duplicitous. It's not putting multiple offenses into one count, as the government did in McLean, to charge multiple executions in one case. As this court said in a footnote in Mancuso, though, the choice to charge multiple executions can create a problem for the government. That problem is that is the actual offense that they've charged. Count one charges fraud on a specific date with regard to a specific offense. The fact that the government has written into its scheme allegations in a speaking indictment an allegation that other activities have occurred, that doesn't make the district judge a potted plant. I don't think you've been totally accurate on that because it looks to me like on each of the counts, they incorporate the allegations relating to the overall scheme into each count. So the scheme is over a period of three and a half years. It includes multiple practices as executed by this one practice. That's what they have to prove for count one. Then they count two, they have to prove a scheme over a period of three and a half years with the numerous practices in which count two is an execution of that scheme. In other words, they're entitled to prove with respect to each count, the entire scheme, they have to because they've alleged it. Your Honor, if the point is this, if the jury found that certain parts of that scheme didn't exist, or even if that scheme, if the jury found that scheme didn't exist over three and a half years, but existed for this particular patient, that count can stand. The point being the government, the way they've charged this, does not have to prove that three and a half year scheme as alleged in the indictment. They only have to prove it. That's what they chose to charge. A scheme lasting three and a half years in which a doctor overbilled for procedures that either didn't do or overstated or were done by others. But let's say, Your Honor, let's take this hypothetical. Let's say that the jury disbelieves every single count except for count one. In count one, they believe- They still have to find a scheme. Now, one act of fraud may be part of a scheme, or it may not be. They have to find as an element that that execution was part of a scheme, not just an isolated act. Actually, they don't have to find a pattern of practice. All they have to find- A scheme, whatever that means, right? A scheme can be as simple, and the courts have said it can be as simple as a decision to create a fraudulent document, send it to Medicare, and get a payment, knowing that it's fraudulent. That satisfies the scheme element. And the government will not be instructing the jury that they have to prove every part of this scheme that they've alleged to convict on count one. And the jury won't have to find that. The problem here is, Your Honor, the government alleges these things in the speaking indictment, but they didn't charge it. The fact that the government- They didn't charge it. This is the misnomer you're saying. You're saying that introductory stuff is irrelevant. They can't prove that. They're not entitled to prove that. That's what you're saying. You have to incorporate that introductory stuff into each count. And it seems to me, if they've incorporated it, it's part of the allegations of each count, isn't it? Your Honor, I do understand that. It is that the trial judge doesn't have the responsibility of determining whether what is listed in the indictment is actually relevant to and probative of the count that's charged. And that's what the court did here. Well, the question is, can the court before trial say the government can't prove any of the scheme alleged in the introduction and limit itself only to the one transaction? Your Honor, here, obviously, it was the 53 transactions that the government chose to charge. And to a certain extent, that issue is premature at this point. But I believe that given that these are the counts that were charged, especially given the lack of notice, but also given that there are a number of allegations in this speaking indictment, including, for example, the allegation that he regularly did a procedure that they cannot prove. There is no evidence that he did in any of the counts that are charged. What the court excluded was a practice that is irrelevant to every single count in the indictment. The government has not... It's not irrelevant to a scheme to defraud. In other words, a scheme to defraud is described and is cabined by the description in the indictment. And the indictment gives a time period and gives the conduct specifically as to what was done. And then it says, pursuant to that scheme, he carried out these specific acts of fraud, 53 of them. I understand that. I understand your point there, Your Honor. And the question is why should we, at this point, cabin the government from proving the scheme, which is going to be hard because the difficulty when you focus on just a single transaction, there can be an explanation. There's an oversight. Oh, a mistake. He never told me this. We've never done this before. It's an accident. These types of things, whereas if it's shown repetitively, subject, of course, to the court's regulation of repetition and duplication, it seems to me that you have to some reign to the party that has the burden of proof on something like this. The conduct that evidence has been excluded about here, though, Your Honor, is conduct that they cannot tie to any count in the indictment. The evidence that he excluded specifically. Why is it tied to a scheme? In other words, every act during that time is alleged as part of the scheme. The execution doesn't have to. For instance, if the scheme is to miss bill on 10 different ways and they have an execution with respect to one of those ways, they can prove the whole scheme and show that the execution was in furtherance of that practice by the doctor. Your Honor, the problem here is that unlike in McLean and in Gennady, and I would like to talk for a moment about Gennady if I could, because I think that is very informative. In Gennady, there were 61 substantive health care fraud counts and one conspiracy count. That was count one. The government appeal and this court's opinion written by Your Honor in Gennady did not say anything about the fact that this other evidence of other executions was relevant to counts two through 62. All it said was it's relevant to The executions are distinct pieces. The executions are distinct criminal offenses. Execution will not state a cause of action. It will not. It requires a scheme. Of course, it requires a scheme as well. The scheme, though, that led to these executions is relevant for the court to consider the simple fact that the government chose to put in its speaking indictment an allegation does not absolve the court of the responsibility of making a determination of whether that evidence is relevant and whether it is potentially more prejudicial than probative. And that judgment is entitled to great deference. But four or three judgments, particularly, are entitled to great deference by the trial court. And the trial court carefully looked at these issues and made the determination that the potential for guilt by association, the potential for guilt for a reason other than proof of the crime charge was greater than the probative value of the evidence that was excluded. Can you can you tell me on what basis the trial judge excluded the evidence of fees paid outside pathology? What was his rationale? Your Honor, the that that piece, there's there's two pieces to that, actually. One is the amount received, which which Mr. Nathanson was talking about. The court didn't explicitly rule that the amount received is is out. I don't think there's anything for this court to do in terms of that piece. But your question goes specifically to the amount that was charged and and what I would say. And the amount that he paid the Ohio lab. In other words, he paid fifteen dollars that he billed three hundred to four hundred dollars that those two items could not be put into evidence, according to the judge. Right. The three hundred to four hundred dollars, quote unquote, billed is not the judge excluded that the government hasn't appealed that ruling. Yeah, no, they haven't. The what they have appealed is the amount that was to be received because there's a billed amount. But everyone knows if you're dealing with Medicare, you're going to get all three. The received amount is just what the insurance company allows. The fraud is demonstrated by paying fifteen dollars to a subsidiary company or not subsidiary external company and saying he did it himself and then billing three to four hundred dollars as if he did himself. That's the fraud. What he received from the insurance company is just an allowance figure. But they all three should come in to prove a transaction, shouldn't they? Well, your honor, all I can tell you is what's that first piece, the quote unquote billed amount that no one ever anticipated to receive is not before the court has not been appealed. The amounts that have been appealed are the amount that that the defendant received. And I believe that hasn't actually been ruled out. And I agree with you on the reason for excluding the fact that he billed three to four hundred dollars. The reason for excluding that is there was no nobody ever had any expectation that that was going to be received. There is no there's no there's no one else unreasonable. He billed that as a reasonable bill for the work he did inherently. You mean he's going to say committed a fraud in the three to four hundred dollars? No, sir. Your honor, I think I think we're misunderstanding each other. He billed three to four hundred dollars for these lab service. That's what he billed. That that's the number that appears on the claim form. But that number is not what he actually expects to get from Medicare. It's not what they paid. He doesn't bill in the common sense use of that term anyone for that amount. That's just his rack rate for somebody who's paying without insurance. That's all that is. He's required to have that rack rate on there. He knows he's going to get from Medicare one hundred dollars or one hundred thirty dollars. And he's not he's not billing the patient for the difference. There's no allegation of that. But in any event, that's that's the part that's not for the court. I agree with the court that what he received is is appropriate evidence. And I don't think the court has actually the district court actually has excluded that. It didn't list it among the things that were going to be admissible. But but I I agree that that that is admissible evidence. As to your question, Judge Floyd, about the fifteen dollars, I think Judge Lee's analysis on that was this isn't a cost plus contract or something like that. The amount that's actually that that the only question here is, was he allowed to bill for work done by somebody else? One. And two, did he know? Those are the only questions. The amount paid to that someone else is irrelevant to that term determination. And I think Judge Lee's analysis was the amount paid. This is not a cost plus contract. That's just going to be confusing to the jury. Frankly, if this is the allocation in the indictment. It's a reasonable allegation of fraud. The defendant regularly filled the health care benefit program three to four hundred fifty dollars per slide when he had paid the Ohio company and the German dermatopathologist a total of approximately fifteen dollars per slide for actually rendering the service. That's the allegation. Now, what the district judge says, he can't prove that allegation. I agree, Your Honor, that that's what the district judge has ruled, and I can explain the reasons for the pieces of that, if you would like. I think the reason for the first part is I actually think that saying that it is billed isn't correct. It's just factually incorrect. He's not billing. Just prove it at trial. That's what they allege. I understand that, Your Honor. His finding, which is entitled to deference before this court, though, and entitled to substantial deference, is that that would be confusing to the jury and not probative of the fundamental issue in the case. The fundamental issue, the court say, was confusing to the jury. Part of his ruling was that he found that the, I'd have to look at the exact language, Your Honor, but he, I believe in the order, his omnibus ruling immediately prior to trial recited the language of rule four or three. I apologize, Your Honor, I'm not finding it. Page 189, is that it? That is, that is it, Your Honor, yes. No, I'm sorry, Your Honor. It's, um, that's the order and it has no explanation for why the court did it. Um, page 189, Your Honor, is the, um, order on, uh, motion for clarification. Um, that's not the 403 order that I was speaking of. They further ordered that following language be stricken from the indictment. Paragraph 50, the defendant regularly billed the health care benefit program 300 to 450 per slide. Yes, Your Honor. Struck that from the indictment. Yes, Your Honor. What's the reason? That's not on appeal, but the reason is that that's not actually the amount that, that he was asking Medicare to pay him. Um, that was the reason found by the trial court. So the court's going to make a finding a fact on that because that's what appears on the claim. Your Honor, all I, all I can tell you is that was the reasoning that he had. That's not the amount that was actually sought. Uh, I think during the argument, the court found that that was not going to be helpful to the jury to know that amount because that's not the amount that was actually sought. It's unfairly prejudicial to the defendant. The amount he actually was seeking was the amount that was on the schedule, which is the hundred or $130. Um, so that was the court's finding that piece though, Your Honor is not on appeal. That's something you could argue to the jury because if he put those numbers down, he paid $15 per slide and he builds four 50 for the slide. That's evidence of fraud, whether he thought he could get it or not. That's what he's stating. What is allowed by the insurance company or Medicare or whatever, who's the payor, uh, is another issue. And you can say he didn't commit fraud because he knew he wasn't going to get that out. Let the jury decide. Your Honor, I understand that that was the government's argument. It was rejected by the trial court. The trial court is entitled to deference on, on those sorts of rulings. Well, actually the factual finding the court made is that's not the amount that was sought. And that, that actually, the government didn't disagree with that and the government has not appealed that ruling. So that issue is not currently for the court. And you're talking about the surpluses language. You said the government has not appealed that. The government has not appealed this part. Uh, actually I don't believe they've on surpluses. Um, that's included in the, in the record on appeal as it should be, but those are not what's been appealed. What has been appealed is the rulings under four Oh three pieces of the rulings under four Oh three and four Oh four. I see my time's expired. I would like to take one moment to address the four Oh four B notice issue if I could, Your Honor. Um, the, the four B uh, issue, the procedural context is, is odd. A four Oh three motion was filed a week before trial at the date when motions were to be filed. The first time you say nine days before trial, didn't you file a motion that said you expect the government to introduce this evidence? Not this evidence, Your Honor. I, I was worried that the government was going to try to deal with potential scheme evidence that we thought should not be. And so obviously, uh, you had information at least nine days before trial. You did not raise it as a four Oh four B in that motion. You basically raised it as a relevance question, right? No prejudice. The jury four Oh three seven Oh two and the court chose to make it four Oh four B and said you didn't get notice. That's actually what I want to correct. The government's response, which was filed the was the first time we got notice of what conduct that is not alleged in the indictment, what they were planning to prove at trial. We immediately then filed a four Oh four B motion because we now had realization that the government was planning to put in evidence of things that happened after the scheme, for example, and other, other acts that were not included in the indictment and for which the government concedes we had never gotten four Oh four B That's when we filed the four four B motion was to preclude all of that evidence that had been disclosed in their response to the four Oh three motion. It can't be the case, Your Honor, that any time the defendant files a motion under four four B, they necessarily had noticed that something was going to happen. So therefore, no notice is required because that would read the rule out of existence. Well, if this if we were to find this evidence is intrinsic as opposed to evidence, would it under the case on this circuit? That's exactly right, Your Honor. Under the queen decision and subsequent opinions. Um, much of this can't be intrinsic because it's actually beyond the scheme. The date of the scheme alleged ends at the search warrant in August 2012. Much of the conduct they're talking about is post search warrant conduct that cannot be intrinsic because it's beyond the dates of the scheme. And I see him well beyond. Let me ask you this. If a person under investigation for murder learns that he's being charged with murder after he learns of that, he goes out and scrubs the car for all the bloodstains. Could the government introduce that evidence? Yes, Your Honor. That evidence comes in routinely. Or there's a there's a charge being made on a search warrant issued. And before they get there, the person deletes all the harmful images from his computer. Would that be admissible and evidence? Yes, Your Honor. And that's not external, is it? That's that's that's intrinsic to the guilt and there actually is a split among the cases on whether that is analyzed for four B or is analyzed as intrinsic. Frankly, Your Honor, that exactly that's the actual crime being charged, Your Honor. But that is not what's actually alleged here. The only thing that potentially goes to that piece is an allegation that we heard for the first time two days before trial that that there was some to change data that was on the computers that were then at the at the office. Could they produce that evidence? I believe that is classic for four B evidence, Your Honor. It's after the fact it's there's no notice given. They certainly they certainly could not, in my opinion, introduce that evidence at trial as a surprise. That's something that we would be entitled to notice of why so that we'd have an opportunity to defend guilt of the actual crime, intent and guilt. When somebody is about to be have evidence taken from his place and he destroys it before it gets there, that proved the crime he committed. That's that's a much easier case than this one, Your Honor, because this is this is not that case. Obviously, this is more sophisticated, but it's actually not. But the question is, to me, is whether this type of conduct is relevant directly to the proof of the crime or is 404 B evidence and 404 B evidence is other acts. Your Honor, I don't think I don't think that is exactly the test under was 404 B or not or whether it's intrinsic or not, whether it's directly has to be directly relevant to be intent, right? Yeah, that would be relevant to intent. My point is it's an other bad act about which the defendant would be entitled to notice. Here, it's important to keep in mind the government has already seized and imaged all of his computers at the time that this act is supposedly done. So there's no there's no tangible evidence of any actual destruction of evidence. There's certainly no charge of it. There was no notice of it. That is definitely the sort of thing that a defendant would be entitled to know about before it came up during the trial. If the government is right, they would be able to spring that evidence on a defendant anytime with no notice. All right. Now you have noticed now. The question now is, since we have this interlude and the question and trial has not begun. Question now, is there any other reason for excluding it? There are a number of other reasons for excluding it in terms of that would be an issue, I suppose, for the trial court down the road. At this point, the government shouldn't be able to take advantage of an interlude of their own creation. If the judge's ruling was accurate, that would be law of the case. So that evidence should be out. That was one argument at that point. Secondarily, though, you mean something that was given on the eve of trial and the trial never occurred. Let's say it was postponed. They could notice would still preclude it from going to trial. I think we know the contrary. I completely agree, Your Honor. If they had asked for a postponement, which they could have done, and I understand, but there's an actual interlude that they notice is to give you an opportunity to respond and prepare. And the that's the purpose of it is not a separate crime. And we've held that it's not a separate violation of law that gives you rights. It gives you the opportunity to defend. Now you have the opportunity to respond, defend, prepare. And that is that's removed. The question is now, why shouldn't the evidence be considered? And you're saying that should be addressed to the district court. And maybe you're right on that. That's that's one for the day, Your Honor. I'll take that. Oh, you got a thank you, Your Honor. Yes, sir. Mr. Matheson. Thank you, Your Honor. Just a couple of brief points. I guess I'll first start where the court left off. Mr. White's argument on the post search warrant conduct is that it is after the charge time period and then it is per se excludable. And I think the court that is Mr. White's statement. It's not a correct statement of the law in the circuit. And I think the court appreciates that. And I'll just direct the court's attention to the Loaiza case where this court said the mere fact that the evidence involves activities occurring after the charge time frame of the offense does not automatically transform that evidence into quote other crimes evidence. So to the extent it bears. Let me ask you, are there cases that treat that type of evidence as 404B? There's certainly well, there's certainly cases that treat post charge time period evidence as 404B. I'm not aware of any cases that deal with concealment type evidence of this as 404B. I think it's routinely dealt with as intrinsic of how relevant it is to the particular crime as to whether it's a if the guy engages in another drug transaction afterwards, that's other that's 404B. Whereas if he covers up the transaction at issue, that would not be 404B. Absolutely, Your Honor. That's certainly what my understanding. Well, let me ask you this. Over the years, I think I've told prosecutors time and time again, do you really need this? I'm speaking about the surpluses language because the $15 fee still appears in the indictment, I think, in a couple of other places. And you can prove the fraud by showing that he paid outside sources $15 and he got $120 or $30 from Medicare. I mean, that's still fraudulent. It is, Your Honor. I mean, let me, I think maybe this is a good time to clarify this issue of what the district court excluded and what we're challenging on appeal. With respect to these transactions, there are three components. There's the what the defendant billed, what's called Medicare. So what the defendant billed Medicare, what he was paid by Medicare, and then what he paid these outside sources to actually do the work. The district court excluded all three of those. Mr. White is correct. We have not appealed the question of the admissibility of what he actually billed, the $300 or $400. We think that decision was wrong by the district court. And in fact, there are a lot of things we think the district court did incorrectly, but we didn't appeal that because as you suggested, we're trying to focus on what is really essential to our case and try to streamline the issues. And what we're focused on and what we're asking this court to rule admissible are the other two components, the actual dollars coming to the defendant from Medicare and the money going out the door to the individual we identify as NL and to this company in Ohio. And as we explained in our motion for clarification, those two components are essential in order to establish evidence to the fraud proceeds. You need what the defendant paid and what the defendant received. And that really is essential to our case because otherwise it's impossible to tell the jury or explain to the jury why he did what he did with respect to this fraud. And what you see is him making hundreds of thousands of dollars on the basis of fraudulent claims. The other issue I want to just touch on briefly, and I think this was addressed extensively in the prior argument, we have to prove executions. There's no question we have to prove executions. But we also have to prove a scheme and we also have to prove intent. So the pattern and practice evidence and the other execution evidence is not just relevant to scheme, but it's also relevant to intent. And without establishing both of those, we can't convict the defendant. And we need to be given an opportunity to introduce evidence that establishes all the elements of the offense. And we're not piling on here, your honors. The articulated defenses in this case is that we and that we can establish intent. And that's why we focused on proving up the general evidence of the scheme. And we need to be sure that we can introduce evidence of the other procedures that aren't explicitly set forth in the indictment. Thank you. Let me ask you this. Yes. With respect to the evidence that was excluded concerning the pathology slides and the most surgeries, did not those occur after the scheme had ended the the the evidence of the financial gain, your honor? No, no, no financial gain. I'm talking about what the defendant did. Stop sending the pathology slides and stop performing no surgeries without doing a biopsy for cancer. Didn't those occur after the scheme had ended? Yes, your honor. And we think it's for that very reason that they are probative of intent. So it's not intrinsic evidence. Well, we think it is. I'm sorry, your honor. Forgive me if it occurred after the scheme had ended. Well, how can it be? I think the low is a case that I just quoted. Your honor is clear that the the end the the end point for the fraudulent scheme is not is not a magic line that converse into other crimes evidence. It really depends what the nature of that evidence is. And this evidence is only probative of the defendant's intent because it shows a change in practice after the defendant learns he's under investigation. Well, you you I think concede that the scheme ended in August of 2012. Yes, your honor. The scheme and the search warrant was executed in August. Well, when when he'd already learned that he was under investigation, when did he stop sending the pathology slides and stop performing these surgeries? He stopped sending the pathology slides and he stopped conducting the surgeries in this manner immediately after a search warrant, immediately after upon the execution of the search warrant, your honor. And what's the date of that? August 12th, 2012. But it occurred after that? Yes, your honor. And we thank you. Thank you.
judges: Paul V. Niemeyer, Henry F. Floyd, Clyde H. Hamilton